# GREENBAUM OLBRANTZ LLP

Casey J. Olbrantz
244 Fifth Avenue, Suite C221
New York, NY 10001
casey@greenbaumolbrantz.com

May 20, 2026

Via ECF

Hon. Valerie E. Caproni
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., New York, NY 10007-1312

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__5/22/2026____

**Re:    *Tamakuwala v. Panwala*, 1:25-cv-10209-VEC (S.D.N.Y.)**

Dear Judge Caproni,

We write jointly on behalf of both parties in the above-captioned matter to request a stay of this action pending the completion of a comprehensive valuation and settlement process contemplated by a Consent Order recently executed in several related New Jersey proceedings.

As noted in the parties' previous letters to the Court, dated March 4, 2026 and March 31, 2026, the parties to this action participated in two full-day mediation sessions before the Honorable Harry G. Carroll, J.A.D. (Ret.), along with the parties to several ongoing actions in New Jersey, including *Matter Of The Restated Hina Tamakuwala 2006 Family Trust*, Case No. P-449-25 (N.J. Sup. Ct. Bergen Cty.), and *Matter Of The Estate Of Hina Tamakuwala*, Case No. P-447-25 (N.J. Sup. Ct. Bergen Cty.) (collectively, the "New Jersey Proceedings").

Over the past several weeks following the mediations, the parties have worked with Judge Carroll to negotiate and execute a comprehensive Consent Order, which has been submitted to the Presiding Chancery Judge in Bergen County, NJ foir entry and which is intended to be effective May 15, 2026. The Consent Order establishes a detailed framework to achieve a global settlement of all disputes across multiple jurisdictions, including this action. In relevant part, it establishes a six-month period for Judge Carroll to retain and instruct an independent valuation expert to evaluate over 30 entities and businesses, including assets underlying this action, and for Judge Carroll to subsequently facilitate global settlement negotiations. To allow the valuation and settlement process to proceed without the burden and expense of potentially wasteful or counterproductive litigation efforts, the Consent Order requires the parties to this action and the New Jersey Proceedings to halt all litigation for a six-month period, whether by seeking stays or by filing dismissals without prejudice. In sum, the Consent Order reflects the parties' good-faith efforts to resolve their disputes through a structured, supervised process, and a stay will facilitate completion of that process without the distraction and expense of ongoing litigation.

Consequently, the parties request that the Court stay this action for a six-month period running from the effective date of the Consent Order, i.e., November 15, 2026. The requested stay is appropriate and serves the interests of justice. The timeline is moderate in duration, is necessary given the scope and complexity of the underlying assets and the breadth of global issues to be resolved, and it will proceed under the supervision and direction of a retired judge. A stay will avoid potentially wasteful duplication of discovery efforts while the parties pursue a structured valuation and settlement process. A stay will not prejudice any party, as the Consent Order includes comprehensive mutual protections that preserve all substantive rights, evidence, claims, and defenses. And a stay also promotes judicial economy, as opposed to a dismissal without prejudice, because it maintains the existing pleadings, docket, and procedural posture should settlement efforts fail, and prevents the

possibility that the parties and Court would need to expend duplicative resources to achieve the same posture in the event that a new action is initiated. Should the stay be granted, the parties will promptly inform the Court when a settlement is achieved so that the case can be closed, and, alternatively, if the process stalls or the parties determine that the stay is no longer beneficial, they may seek to resume litigation before the stay period expires. If helpful to the Court, the parties are also happy to submit periodic progress reports.

For the foregoing reasons, the parties respectfully request that the Court grant this joint motion to stay this action until November 15, 2026 pending completion of the valuation and settlement process contemplated by the Consent Order.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Casey J. Olbrantz                          /s/ Vipin Varghese
Casey J. Olbrantz                              Vipin Varghese

Counsel for Plaintiff                          Counsel for Defendant

---

This matter is now stayed until **November 15, 2026**, to allow for completion of the valuation and settlement process contemplated by the Consent Order.  Joint status updates are due from the parties no later than both **Thursday, August 13, 2026**, and **Monday, November 16, 2026**. All other deadlines and conferences are adjourned *sine die*.

SO ORDERED.                          5/22/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE